# EXHIBIT A

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
11:22 am, Jun 22, 2018
JEFFREY P. COLWELL, CLERK

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| RICHARD DOWNEY, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 1:18-cv-00619-RBJ-KMT |
| NATIONAL RECOVERY ASSOCIATION LLC; MATTHEW WHITE; and DOE 1-4 | ) |
| Defendants. | ) |

**SECOND AMENDED COMPLAINT**
**(Jury Trial Demanded)**

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

**JURISDICTION AND VENUE**

2. This Court exercises jurisdiction under 15 U.S.C. 1692k and 28 U.S.C. 1331. This District is of proper venue as Plaintiff is a resident within this District and Defendants engaged in the activities alleged herein while Plaintiff so resided.

**PARTIES**

3. Plaintiff, Richard Downey (hereinafter "Plaintiff" or "Mr. Downey"), is a natural person residing in Colorado Springs, Colorado.  Defendant, NATIONAL RECOVERY

1

ASSOCIATION LLC is a Georgia limited liability company with its principle place of business at 210 West Academy St. SW, Suite B, Gainesville, GA.  MATTHEW WHITE is the managing member of NATIONAL RECOVERY ASSOCIATION LLC, a debt collector, and responsible for the actions, policies, and procedures of the company, including those giving rise to Plaintiff's causes of action.

4. Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOE 1-4, and therefore sues these defendants by such fictitious names.  Plaintiff will amend this Complaint to allege the true names and capacities once ascertained.  Plaintiff believes and thereon alleges that the fictitiously named defendants are responsible in some manner for the occurrences herein alleged, and that such defendants are responsible to Plaintiff for damages and/or monies owed.

5. NATIONAL RECOVERY ASSOCIATION LLC, MATTHEW WHITE, and DOE 1-4 shall hereafter be jointly referred to as "Defendants."

6. Defendants regularly operate as third-party debt collectors and are "debt collectors" as defined by 15 U.S.C. 1692a.

## FACTUAL ALLEGATIONS

7. Defendants engaged in debt collection efforts in an attempt to collect a consumer debt allegedly owed by Mr. Downey.

8. Defendants began contacting Mr. Downey on or about March 15, 2017.

9. Defendants called Mr. Downey three times on the morning of March 15, 2017 while Mr. Downey was working at U.S. Army base Ft. Carson.

10. On March 15, 2017, Mr. Downey initially advised Defendants not to call him during his working hours, 9:00am to 5:00pm, MT.  Defendants did not respond and continued to talk over Mr. Downey.

11. Within an hour of Mr. Downey have advised Defendants that such calls were prohibited, Defendants called him again on March 15, 2017.  Mr. Downey once again advised Defendants not to call him during working hours.

12. Harassed and concerned by Defendants' continued calls while at his place of employment, which he never consented to receiving, Mr. Downey retained counsel with Centennial Law Offices.

## CAUSES OF ACTION

### COUNT I

13. Plaintiff re-alleges paragraphs 1 through 12, inclusive, and by this reference incorporate the same as though fully set forth herein.  Plaintiff is informed and believes and herein alleges that Defendants, and each of them, violated 15 U.S.C. 1692c(1) by communicating with Plaintiff at a time and place known or which should be known to be inconvenient to Plaintiff.

### COUNT II

14. Plaintiff re-alleges paragraphs 1 through 12, inclusive, and by this reference incorporate the same as though fully set forth herein.  Plaintiff is informed and believes and herein alleges that Defendants, and each of them, violated 15 U.S.C. 1692c(3) by communicating

with Plaintiff at Plaintiff's place of employment after knowing or having reason to know that Plaintiff's employer prohibits such communications.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, recovery for each cause of action in the alternative, as follows:

1.) For statutory damages in the amount of $1,000 pursuant to 15 U.S.C. 1692k(2);

2.) For $2,555.00 in legal fees incurred in responding to unlawful collection activity;

3.) For prejudgment interest in an amount to be proved at time of trial;

4.) For attorney's fees pursuant to 15 U.S.C. 1692(k);

5.) For the costs of this lawsuit; and

6.) For any other and further relief that the court considers proper.

## JURY DEMAND

Plaintiff demands a jury trial.

Date:  June 20, 2018

s/Robert Amador
_____
ROBERT AMADOR, ESQ.
Attorney for Plaintiff RICHARD DOWNEY
Centennial Law Offices
9452 Telephone Rd. 156
Ventura, CA. 93004
(888)308-1119 ext. 11
(888)535-8267 fax
R.Amador@centenniallawoffices.com

4